IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAMMY DELAO SILVAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-65-Z |
| | § | |
| LORI DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On April 9, 2018, this Court received a *pro se* handwritten pleading entitled *Petition for Writ of Habeas Corpus* with the caption identifying "Sammy Silvas" as the petitioner. [ECF 3]. The United States District Clerk accepted the pleading, filing it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Neither the requisite filing fee or an application to proceed *in forma pauperis* with a supporting *in forma pauperis* data sheet from petitioner's unit was submitted with the pleading.

The federal habeas application is, for the most part, incoherent and unintelligible. Further, the handwriting of the petition appears to be that of another inmate who frequently files pleadings with this Court despite various sanctions against him. Moreover, it is unclear to the Court whether petitioner's purported signatures verifying the contents of the habeas application on page 8 of the pleading or on a transmittal letter on page 10 are actually petitioner's own signatures

On March 31, 2020, this Court ordered petitioner to submit a form application for *in forma*

*pauperis* status and a current data sheet, to pay the required filing fee, or to submit proper documentation evidencing the authorization of the disbursement of the requisite funds for the fee. [ECF 5]. Petitioner was warned his failure to properly supplement or pay the filing fee within twenty-one (21) days would result in an immediate recommendation for the dismissal of this case without further notice.

On March 31, 2020, this Court also entered a *Briefing Order* directing petitioner SILVAS to complete and return for filing an attached Questionnaire about assistance provided to petitioner in researching, drafting and filing his federal habeas application. [ECF 6]. The Court ordered petitioner to file the fully completed Questionnaire with the Court within twenty-one (21) days. Petitioner was warned that failure to fully and timely comply with this Court's order would be construed as a failure to prosecute and could result in a dismissal of the instant cause without further notice.

As of this date, petitioner has neither submitted the fee, formally requested permission to proceed as a pauper, nor otherwise demonstrated compliance with the Court's March 31, 2020 order to supplement. Nor, as of this date, has petitioner filed with the Court the Questionnaire provided with the *Briefing Order*. The Court has given petitioner ample opportunity to comply with its orders, yet petitioner has failed to file any response whatsoever to the Court's orders. In fact, petitioner has not communicated with the Court, in any manner, with regard to this case since the initial filing of his pleading on April 9, 2018.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition

of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner is in direct disregard of both of the Court's March 31, 2020 Orders. The undersigned thus finds petitioner has neglected his case to such an extent that it warrants dismissal. Accordingly, petitioner's habeas application should be dismissed for failure to comply with this Court's March 31, 2020 orders [ECF 5, 6] and/or failure to pay the requisite filing fee in this case.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner SAMMY DELAO SILVAS be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 24, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing

objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB41\FCR\SILVAS-65.DIS-WOP:2